Lawrence E. Henke
David L. Vicevich
Vicevich Law
3738 Harrison Ave.
Butte, MT 59701
larry@vicevichlaw.com
dave@vicevichlaw.com
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA, MISSOULA DIVISION**

| | |
|---|---|
| HOLLI BENNETT,<br><br>Plaintiffs,<br><br>v.<br><br>ROCKING J. RANCH, LLC<br> dba THE RANCH AT ROCK CREEK,<br><br>Defendant. | Case No.<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Holli Bennett, by and through her counsel of record, Lawrence E. Henke, and for her Complaint against Defendant Rocking J. Ranch, LLC dba The Ranch at Rock Creek, asserts and alleges as follows:

## Parties

1. Plaintiff Holli Bennett was a resident of Silver Bow County at all times pertinent hereto.

2. Defendant Rocking J. Ranch, LLC dba The Ranch at Rock Creek ("The Ranch"), is a Delaware limited liability company registered as a foreign entity with the

State of Montana with its principal place of business at 79 Carriage House Lane, Philipsburg, MT 59858.

3. Rocking J. Ranch, LLC can be served through its registered agent, Angela Scantling, at 79 Carriage House Lane, Philipsburg, MT 59858.

## Venue and Jurisdiction

4. Venue is proper in the United States District Court for the District of Montana, Missoula Division, pursuant to 28 U.S.C. § 1391(b)(2).

5. This Court has personal jurisdiction over the parties to this lawsuit because all events took place within the Missoula Division of the District of Montana.

6. This Court has subject matter jurisdiction over the Plaintiffs' claims alleged in this Complaint because they involve federal statutes. 28 U.S.C. §§ 1331 and 1343.

## Background Facts

7. Holli Bennett began working for Rocking J Ranch, LLC, doing business as The Ranch at Rock Creek ("The Ranch") on May 2, 2022, as a Human Resources (HR) Manager.

8. During her interview with The Ranch, Ms. Bennett informed Catherine Johnson (HR Director) and Michael Novak (HR Specialist) that she had a recognized disability and requested a reasonable accommodation due to that disability.

9. Not driving long distances was one of those accommodations.

10. Ms. Bennett was told the accommodation would not keep her from performing the essential functions of the job, and was hired.

11. On or about December 21, 2022, Ms. Bennett was ordered by Brooke Hudschmidt (Front Desk Manager) to drive to Missoula to drop off guests who were staying at The Ranch.

12. Hudschmidt was aware of Ms. Bennett's request for accommodation to not drive long distances.

13. When Ms. Bennett reminded Hudschmidt that she had a reasonable accommodation preventing her from having to take long drives in the course and scope of her employment, Hudschmidt again ordered Ms. Bennett to complete the drive.

14. The requirement to complete the extended drive to drop off clients of The Ranch was not a job duty which was required in Ms. Bennett's position as HR Manager.

15. On February 20, 2023, Ms. Bennett filed a Charge of Discrimination with the Montana Human Rights Bureau and the federal Equal Employment Opportunity Commission.

16. On August 7, 2023, the Montana Human Rights Bureau issued a Notice of Right to Sue letter to Ms. Bennett.

17. On September 7, 2023, the Equal Employment Opportunity Commission. issued a Notice of Right to Sue letter to Ms. Bennett.

## CLAIMS AND CAUSES OF ACTION

### Count 1
### DISABILITY DISCRIMINATION – FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS UNDER ADA

18. Plaintiff herein realleges the foregoing paragraphs as though fully set forth herein.

19. Under 42 U.S.C. § 12112(b)(5)(A), it is unlawful for an employer to fail to make reasonable accommodations for an employee who has a disability.

20. Ms. Bennett advised The Ranch of her disability.

21. The reasonable accommodation requested not to drive long distances.

22. Ms. Bennett has suffered harm due to The Ranch's failure to make this reasonable accommodation for Ms. Bennett, therefore violating federal law.

23. Ms. Bennett has suffered financial damage, physical harm both in physical pain and emotional distress, and economic hardship due to the actions of The Ranch.

### Count 2
### DISABILITY DISCRIMINATION – M.C.A. § 49-2-303(1)(a)

24. Plaintiff herein realleges the foregoing paragraphs as though fully set forth herein.

25. Under the Montana Human Rights Act, M.C.A. § 49-2-303(1)(a), which states that it is an unlawful discriminatory practice for:

    (a) an employer to refuse employment to a person, to bar a person from employment, or to discriminate against a person in compensation or

   in a term, condition, or privilege of employment because of race, creed, religion, color, or national origin or because of age, physical or mental disability, marital status, or sex when the reasonable demands of the position do not require an age, physical or mental disability, marital status, or sex distinction.

26. Ms. Bennett informed The Ranch of her disability; The Ranch knew of Ms. Bennett's disability.

27. The Ranch discriminated against Ms. Bennett based on her disability by forcing her to drive long distances, which caused the exacerbation of her medical condition, and which manifested in physical harm and emotional distress directly caused by The Ranch's conduct.

28. Ms. Bennett has suffered financial damage, physical harm both in physical pain and emotional distress, and economic hardship due to the actions of The Ranch.

## Count 3
### DISABILITY DISCRIMINATION – M.C.A. § 49-1-102(1)(a)

29. Plaintiff herein realleges the foregoing paragraphs as though fully set forth herein.

30. Under the Montana Human Rights Act, M.C.A. § 49-1-102(1)(a), Ms. Bennett has a right to be free from discrimination because of race, creed, religion, color, sex, physical or mental disability, age, or national origin as a civil right. This right includes:

   (a) the right to obtain and hold employment without discrimination; and

> (b) the right to the full enjoyment of any of the accommodation facilities or privileges of any place of public resort, accommodation, assemblage, or amusement.

31. Ms. Bennett informed The Ranch of her disability; The Ranch knew of Ms. Bennett's disability.

32. The Ranch discriminated against Ms. Bennett based on her disability by creating a work environment which aggravated her disability, which caused the exacerbation of her medical condition, and which manifested in physical harm and emotional distress directly caused by The Ranch's conduct.

33. Ms. Bennett has suffered financial damage, physical harm both in physical pain and emotional distress, and economic hardship due to the actions of The Ranch.

## Attorney Fees

34. Ms. Bennett is entitled to attorney fees and costs as the prevailing party in this matter according to M.C.A. § 49-2-512(3).

35. Ms. Bennett is entitled to attorney fees and expert fees as the prevailing party in this matter according to 42 U.S.C. §2000e-5(k).

## Prayer for Relief

Wherefore, Plaintiff prays for relief as follows:

> 1. An award of damages for the failure of The Ranch to make reasonable accommodations in violation of 42 U.S.C. § 12112;

2. An award of damages sustained due to The Ranch's discriminatory acts based on Ms. Bennett's disability in violation of M.C.A. § 49-2-303(1)(a);

3. An award of damages sustained The Ranch's discriminatory acts based on Ms. Bennett's disability in violation of M.C.A. § 49-1-102(1)(a);

4. An award of damages sustained for failure to make reasonable accommodations under the M.C.A. § 49-2-303;

5. An award of damages sustained due to the retaliatory acts of The Ranch in violation of M.C.A. § 49-2-301;

6. An award of costs for past, present, and future medical and counsel expenses related to The Ranch's actions and inactions;

7. An award of court costs and attorney fees;

8. An award of expert fees;

9. For any other relief the Court deems just under the circumstances.

DATED this 5th day of November, 2023.

    /s/   *Lawrence E. Henke*_____
    Lawrence E. Henke
    Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Comes now the Plaintiffs, by and through their counsel, and hereby demand a jury trial.

DATED this 5th day of November, 2023.

                              /s/   *Lawrence E. Henke*_____
                              Lawrence E. Henke
                              Attorney for Plaintiff